**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

SHAMIM EBRAHIMI,

       *Plaintiff*,

    v.

DONALD J. TRUMP, President of the
United States of America, *et al.*,

       *Defendants*.

Civil Action No. 25-cv-1593 (CJN)

---

**MEMORANDUM OPINION**

Plaintiff Shamim Ebrahimi, proceeding *pro se*, sued President Donald J. Trump, Pamela J. Bondi, Kristi L. Noem, and over 2,000 other federal, state, and private entities and persons, alleging various civil rights violations and conspiracy theories. *See generally* ECF No. 1 ("Compl."). The government moves to dismiss. *See* ECF No. 13. For the reasons discussed below, the Court grants that motion and dismisses this case.

**I.     Background**

To the extent it can be understood, Ebrahimi alleges that he has been "subjected to severe forms of trafficking and acts of terrorism for over thirty years at the hands of a Government sanctioned child sex-trafficking ring" and has not been provided "equal protection under the law." Compl. at ¶ 3.1. Ebrahimi further asserts that the 2,000+ Defendants have subjected him to, among other things, "almost constant electronic and visual surveillance[,] restricting [his] liberty of movement," "sex trafficking," "forced labor," "serious violent felonies," "wrongful criminal prosecution," deprivation of educational opportunities including sabotage of his legal education, and "sterilize[ation] [ ] on live broadcast." *Id.* at ¶ 3.4. At one point, he goes so far as to allege

that Defendants conspired "to cause a computer not owned or operated by Defendants to become a zombie or part of a botnet."  *Id.* ¶ 4.2.  Ebrahimi seeks a slew of remedies, including but not limited to injunctive relief, disciplinary review, declaratory relief, monetary damages, civil fines at the highest amounts, exemplary damages, and costs of suit.  *Id.* at 14.

## II.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff—even one proceeding *pro se*—bears the burden of establishing that the Court has subject-matter jurisdiction over his claims. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010) ("While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, even a *pro se* plaintiff bears the burden of establishing that the Court has subject matter jurisdiction." (internal citations and quotation marks omitted)).[1]  In deciding a 12(b)(1) motion, the Court "need not limit itself to the allegations of the complaint."  G*rand Lodge of the Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 14 (D.D.C. 2001).  Rather, the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."  *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  Additionally, the Court must "assume the truth of all

---

[1] The government also moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), and the doctrines of claim and issue preclusion based on four other similar actions filed in the Northern District of Texas that were dismissed *with* prejudice.  *See* ECF No. 13 at 5–7.  True, Ebrahimi has filed four similar suits in the Northern District of Texas, each of which was dismissed with prejudice as frivolous.  *See, e.g., Ebrahimi v. Fields*, No. 23-cv-1090, 2024 WL 234407, at *1 (N.D. Tex. Jan. 5, 2024); *see id.* (listing cases dismissed with prejudice).  But because the Court concludes that it lacks subject-matter jurisdiction over Ebrahimi's claims, it need not decide whether Ebrahimi's complaint satisfies Rule 12(b)(6) or whether the suit is otherwise barred.  *See Newby*, 681 F. Supp. 2d at 55 n. 6 ("Because the Court concludes that it does not have subject matter jurisdiction over plaintiff's claims, it need not reach the question of whether plaintiff adequately stated a claim under Rule 12(b)(6) or whether the doctrines of collateral estoppel and *res judicata* apply."); *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009).

material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). The factual allegations in a plaintiff's complaint, however, "'will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge*, 185 F. Supp. 2d at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1350 (2d ed. 1987)). If the Court finds that it lacks jurisdiction over a claim, it must dismiss that claim without prejudice. Fed. R. Civ. P. 12(b)(1), 12(h)(3); *see N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020).

## III.    Analysis

It is well established that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). To meet this standard, "claims [must] be flimsier than 'doubtful or questionable'—they must be 'essentially fictitious.'" *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). Such claims include "bizarre conspiracy theories" or "fantastic government manipulations of [one's] will or mind." *Best*, 39 F.3d at 330. "[W]hen [a] complaint is 'patently insubstantial' presenting no federal question suitable for decision," dismissal under Rule 12(b)(1) is appropriate. *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6 (1989)); *see Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins").

3

Ebrahimi's Complaint falls squarely within this category.  It consists of rambling and often unintelligible allegations grounded in "bizarre conspiracy theor[ies]" of the sort that warrant dismissal under Rule 12(b)(1).  *See Newby*, 681 F. Supp. 2d at 56 (dismissing *pro se* complaint alleging conspiracies about "government surveillance and harassment" as patently insubstantial under Rule 12(b)(1)).  Accordingly, this matter is dismissed without prejudice, and Ebrahimi's motions for a temporary restraining order and preliminary injunction are denied.  *See Trudeau v. Fed. Trade Comm'n*, 384 F. Supp. 2d 281, 296 (D.D.C. 2005), *aff'd*, 456 F.3d 178 (D.C. Cir. 2006) ("Because the case must be dismissed for failure to establish the jurisdiction of the Court and for failure to state a claim, the pending motion for a preliminary injunction must be denied as well.").  A separate Order will accompany this Memorandum Opinion.

DATE:  March 24, 2026

CARL J. NICHOLS
United States District Judge

4